Filed 11/23/20  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JASON DAVID WRIGHT,<br><br>        Defendant and Appellant. | C091453<br><br>(Super. Ct. No. 62-168307A) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record, we will affirm.

BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

In August 2019, the People charged defendant with second degree robbery and alleged that he served three prior terms in prison. After defendant's case was consolidated with his codefendant's, defendant pleaded no contest to attempted second degree robbery and admitted to one prior prison term allegation. In exchange for defendant's plea, the People agreed to the low term of 16 months, plus one year for the prior prison term, for a total sentence of two years four months in state prison.

At the plea hearing, the parties stipulated that a factual basis could be found in "Placer County Sheriff's report 2019-0008355" and "related discovery, pages 1 through 9 provided to the defense." Specifically, that defendant attempted to take the personal property of a person identified as "C.C." by force or fear. The trial court sentenced defendant accordingly and ordered him to pay various fines and fees.

Defendant filed a timely notice of appeal on February 4, 2020, but did not obtain a certificate of probable cause.

In May 2020, the trial court held a resentencing hearing under Penal Code section 1170, subdivision (d), during which the court struck the one-year prior prison term enhancement previously imposed under section 667.5, subdivision (b).

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

2

## DISPOSITION

The judgment is affirmed.

      <u>     KRAUSE         </u>, J.

We concur:

<u>     BLEASE         </u>, Acting P. J.

<u>     RENNER         </u>, J.